UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------
EKANEM H. UDOH
11307 Maiden Drive
Bowie, MD 20720

      Plaintiff,

    v.                       Civil Action No.

TRADE CENTER MANAGEMENT ASSOCIATES
1300 Pennsylvania Avenue, NW
Washington, DC 20004

      Defendant.
-------------------------------------------

## COMPLAINT

1.  This action is brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. Sec. 2000e et seq., as amended, 42 U.S.C. §1981 and 42 U.S.C. 1981a.  Plaintiff alleges that Defendant discriminated against because of his race (African), color (Black), age (52 years old), sex (male) and national origin (Nigeria, Africa) when defendant summarily terminated him from his position as banquet server on May 28, 2004.

2.  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Sec. 2000e.

3. Venue in this district is appropriate because the acts of discrimination alleged occurred in Washington, DC where Plaintiff was employed by Defendant.

4.  Plaintiff has exhausted all required administrative procedures for pursuing his claim and is commencing this action within 90 days of when he received his right to sue notification by the EEOC.

1

## PARTIES

5. Plaintiff, Ekanem Udoh, lives with his family in Bowie, MD.

6. Defendant, Trade Center Management Associates, is a for profit security firm that offers trade center related services for hire. Plaintiff worked for defendant at it Pennsylvania Avenue location in Washington DC. Defendant employs several hundred employees and is engaged in commerce within the coverage of Title VII.

## FACTS

7. Plaintiff, Ekanem Udoh, is a 53 year old black African born male. He was born and raised in Nigeria and emigrated to the U.S. in 1979.

8. Plaintiff has worked for at a banquet server most of his adult life. Prior to starting with Defendant in 1998, Plaintiff had worked as a banquet server for the Ritz Carlton for 8 years, where he maintained a good work record. In May 1998, Plaintiff accepted a position as banquet server with Defendant because he thought it might be a better career opportunity.

9. Plaintiff performed his duties well and passed his probation period. He regularly received pay raises associated with good performance. Plaintiff was not issued any discipline until February 2002. From February 2004 through May 28, when Defendant fired Plaintiff, Defendant wrote Plaintiff up for four separate offenses:

February 13, 2002--Plaintiff was written up for an ethics violation because he purchased two yellow cakes for his son's birthday from one of the chef's working at the Trade Center. Plaintiff asked one of the chef's if he was willing to prepare two birthday cakes for his infant's birthday party, for which Plaintiff would compensate him. To Plaintiff's knowledge, this chef occasionally did work on the side and he knew of nothing

improper in purchasing cakes from him in this manner. Plaintiff picked up the cakes at the convention center, with his supervisor present, and compensated the chef for the agreed upon amount. Plaintiff was suspended for nearly a week for alleged ethical violations because of this incident.

December 13, 2003--Plaintiff was written up for talking on the cellphone instead of cleaning his work station. However, Plaintiff explained to his supervision at the time that because the workload was going beyond his scheduled shift, well into the evening, he needed to arrange for another babysitter to pick up his child and he had to provide directions to the person who was going to pick up his child. Plaintiff normally picked up the child himself, but because of the need to work additional hours, he would be unable to pick the child up himself.

January 29, 2004--Plaintiff was written up for leaving on coffee break before cleaning his assigned area. Plaintiff disputes that he did this, however. He claims that he was assigned to cover three stations that day and had never left the area. While the manager claims to have attempted to call him during this time, and he did not respond, Plaintiff maintains that it was actually much later that the call was actually received.

May 26, 2004--Plaintiff was working the AM coffee break and started his tour at 5:30 AM. He had been using a cart throughout the morning to transport items to and from the banquet room. He had personally dressed the cart up that morning with special linens to be used for the purpose. Because Defendant does not have enough carts for all employees who need same, there had been a problem with other employees coming into this area to obtain carts. On May 26, 2004, while was occupied with other chores, a Hispanic female (Wanda Paz) from the steward department came into the area and took

3

the cart that plaintiff was using.  Another employee (Alvin) attempted to stop her, but she insisted that she needed the cart and left with it.   Alvin notified Plaintiff that Ms. Paz had taken his cart and Plaintiff proceeded to look for her because he needed the cart to perform his duties.

      Plaintiff went to the level of the Center where Ms. Paz works and observed her trying to remove the linens that he had used to dress up the cart for coffee break use. Plaintiff questioned her about why she took his cart and that he needed it to perform his duties on the coffee break detail. Ms. Paz responded she could not find an available cart in her department.   Plaintiff attempted to locate a supervisor to resolve the dispute, but could not locate one on the floor and he needed to return to complete his coffee break duties. Plaintiff insisted that he would be late in performing his duties if he did not return with the cart immediately and he began walking away with the cart.  Ms. Paz put her hand on the cart as if to prevent him from taking it.  However, plaintiff simply lifted her hand off the cart and proceeded to complete his duties as before.

      10.  Plaintiff was fired for this last incident.   Defendant claimed that Plaintiff used undue force in removing Ms. Paz' hand from the cart.  However, Plaintiff maintains that this was a pretext for discrimination.  Plaintiff insists he simply removed her hand from the cart in order to complete his duties with the cart that he had personally dressed that morning.

      11.  Plaintiff submits that the reasons that Defendant gave for firing him are pretextual.  He provided management with the names of witnesses to the fact that Ms. Paz entered his work area to take a cart that he had personally dressed for use in his coffee break duties and that had been advised by Alvin that Plaintiff was using that cart

4

for his duties.  Employees in Ms. Paz area were aware that they were not supposed to take carts from banquet servers while they were active use.  Despite the fact that Ms. Paz was the one who violated standing instructions on this, she was not disciplined at all.

12.  Following his termination, Defendant replaced plaintiff with a substantially younger employee who was not in Plaintiff's protected classes.

13.   Plaintiff suffered terribly from his termination.   He initially had difficulty finding another job.  Defendant fought Plaintiff on his unemployment and his payments were delayed while he had to appeal from the initial adverse ruling.  Plaintiff lost sleep and was anxious about whether he could financially provide for his family.

## CLAIMS

I.   Discrimination in Violation of Title VII and 42 U.S.C. §1981.

14.   Plaintiff maintains that he was fired for discriminatory reasons relating to his race (African), color (Black), national origin (Nigeria) and sex (male).   Plaintiff maintains that despite the numerous witnesses who saw what happened, management chose to believe Ms. Paz's explanation for what happened over his own explanation.  Plaintiff also submits that Ms. Paz has a history of trying to inflate disagreements with coworkers into injuries.   Finally, plaintiff submits that he was treated much more harshly than other employees who actually had fights in the workplace but who were not seriously disciplined.   These employees were not members of the protected classes that Plaintiff is a member of.

II.   Defendant Violated the Age Discrimination in Employment Act

15.  Plaintiff was 52 years old at the time he was terminated.  He was replaced by a substantially younger employee.   Plaintiff submits that he is substantially older than

Ms. Paz, who is in her 30s in age. Plaintiff submits that he was treated much more harshly than Ms. Paz and was terminated because of Defendant's age animus. Defendant gave pretextual reasons for firing him so that they could replace him with a substantially younger employee who would be paid less.

Plaintiff also submits that Defendant was willfully motivated in committing age discrimination, or at least acted with such reckless disregard of his protected age as to be deemed to have acted willfully.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this court to grant him the following relief:

1. Direct Defendant to reinstate Plaintiff to his prior position and make him whole for all losses of wages and benefits;

2. Direct Defendant to compensate Plaintiff for his pain, suffering, humiliation and inconvenience in being discriminated against;

3. Direct Defendant to pay reasonable attorneys fees and reimburse him for costs associated with his having to bring this action to secure his rights under Title VII, 42 U.S.C. §1981 and the ADEA;

4. Direct Defendant to pay punitive damages to Plaintiff for their intentional discrimination against him;

5. Direct the defendant to pay to Plaintiff liquidated damages for its willful and/or reckless violations of the ADEA;

6. Direct Defendant to pay pre and post judgment interest on the monies found to be owed Plaintiff as a result of Defendant's unlawful discrimination.

7. Direct such other relief as is necessary to carry out the remedial purposes of the statute and to make Plaintiff whole to the extent possible.

REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury regarding all issues that he is entitled to a jury trial under law.

                                                      Respectfully submitted,
                                                      FOR THE PLAINTIFF.
                                                      EKANEM H. UDOH

By_____

                                                      Jonathan L. Gould
                                                      DC Bar #491052
                                                      717 D Street, NW
                                                      Suite 100
                                                      Washington, DC 20004
                                                      202 347-3889
                                                      202 347-4482
                                                      jgould@igc.org

                                                      James L. Kestell
                                                      DC Bar #955310
                                                      Kestell & Associates
                                                      209 Midvale Street
                                                      Falls Church, VA 22046
                                                      703 237-2912
                                                      703 237-4321
                                                      jlkestell@cox.net