UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EKANEM H. UDOH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01642 (PLF) |
| | ) | |
| TRADE CENTER MANAGEMENT | ) | |
| ASSOCIATES | ) | |
| Ronald Reagan Building and International | ) | |
| Trade Center | ) | |
| 1300 Pennsylvania Ave., N.W. | ) | |
| Washington, D.C. 20004 | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT TRADE CENTER MANAGEMENT ASSOCIATES' ANSWER

Defendant Trade Center Management Associates ("TCMA") answers Plaintiff's Complaint for discrimination on the basis of race, color, age, sex and national origin as follows:

1.     This action is brought under Title VII of the 1964 Civil Rights Act, U.S.C. Sec. 2000e et seq., as amended, 42 U.S.C. §1981 and 42 U.S.C. 1981a.  Plaintiff alleges that Defendant discriminated against because of his race (African), color (Black), age (52 years old), sec (male) and national origin (Nigeria, Africa) when defendant summarily terminated him from his position as banquet server on May 28, 2004.

**ANSWER:**

TCMA admits that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a, but TCMA denies any violations of these statutes.  TCMA admits that Plaintiff alleges that it discriminated against him because of his race (African), color (Black), age (52 years old), sex (male),

and national origin (Nigeria, Africa) when it terminated him from his position as a

banquet server on May 28, 2004, but denies such alleged discrimination. TCMA denies

the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Sec. 2000e.

**ANSWER:**

TCMA admits that Plaintiff purports to invoke the jurisdiction of this Court

pursuant to 42 U.S.C. § 2000e. TCMA neither admits nor denies that jurisdiction in this

Court pursuant to 42 U.S.C. § 2000e is appropriate because this allegation constitutes a

legal conclusion to which no responsive pleading is required.

3.      Venue in this district is appropriate because the acts of discrimination

alleged occurred in Washington, DC where Plaintiff was employed by Defendant.

**ANSWER:**

TCMA admits that Plaintiff was employed in Washington, D.C. but denies that

any acts of discrimination occurred. TCMA neither admits nor denies that venue in this

district is appropriate because this allegation constitutes a legal conclusion to which no

responsive pleading is required. TCMA denies the remaining allegations contained in

Paragraph 3 of the Complaint.

4.      Plaintiff has exhausted all required administrative procedures for pursuing

his claim and is commencing this action within 90 days of when he received his right to

sue notification by the EEOC.

**ANSWER:**

TCMA neither admits nor denies that Plaintiff exhausted all required

administrative procedures for pursuing his claim because this allegation constitutes a

legal conclusion to which no responsive pleading is required.  TCMA admits that
Plaintiff filed the Complaint within 90 days of the EEOC's issuance of its Dismissal and
Notice of Rights.

## PARTIES

5.    Plaintiff, Ekanem Udoh, lives with his family in Bowie, MD.

**ANSWER:**

TCMA is without sufficient information and/or knowledge to form a belief as to
the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore,
denies them.

6.    Defendant, Trade Center Management Associates, is a for profit security
firm that offers trade center related services for hire.  Plaintiff worked for defendant at it
Pennsylvania Avenue location in Washington, DC.  Defendant employs several hundred
employees and is engaged in commerce within the coverage of Title VII.

**ANSWER:**

TCMA denies the allegations contained in the first sentence of Paragraph 6 of the
Complaint.  TCMA admits the allegations contained in the second sentence of Paragraph
6 of the Complaint.  TCMA admits that it employs several hundred employees.  TCMA
neither admits nor denies that it is engaged in commerce within the coverage of Title VII
because this allegation constitutes a legal conclusion to which no responsive pleading is
required.

## FACTS

7.    Plaintiff, Ekanem Udoh, is a 53 year old black African born male.  He was
born and raised in Nigeria and emigrated to the U.S. in 1979.

**ANSWER:**

TCMA admits that Plaintiff provided TCMA with documentation supporting the allegations contained in the first sentence of Paragraph 7 of the Complaint and the allegation that Plaintiff was born in Nigeria. TCMA is without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, denies them.

8.    Plaintiff has worked as a banquet server most of his adult life. Prior to starting with Defendant in 1998, Plaintiff had worked as a banquet server for the Ritz Carlton for 8 years, where he maintained a good work record. In May 1998, Plaintiff accepted a position as banquet server with Defendant because he thought it might be a better career opportunity.

**ANSWER:**

TCMA admits that Plaintiff accepted a position as banquet server at TCMA in or about January 2001, and denies that this occurred in May 1998. TCMA is without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies them.

9.    Plaintiff performed his duties well and passed his probation period. He regularly received pay raises associated with good performance. Plaintiff was not issued any discipline until February 2002. From February 2004 through May 28, when Defendant fired Plaintiff, Defendant wrote Plaintiff up for four separate offenses:

February 13, 2002—Plaintiff was written up for an ethics violation because he purchased tow yellow cakes for his son's birthday from one of the chef's working at the Trade Center. Plaintiff asked one of the chef's if he was willing to prepare two birthday

cakes for his infant's birthday party, for which Plaintiff would compensate him. To Plaintiff's knowledge, this chef occasionally did work on the side and he knew of nothing improper in purchasing cakes from him in this manner. Plaintiff picked up the cakes at the convention center, with his supervisor present, and compensated the chef for the agreed upon amount. Plaintiff was suspended for nearly a week for alleged ethical violations because of this incident.

December 13, 2003—Plaintiff was written up for talking on the cellphone instead of cleaning his work station. However, Plaintiff explained to his supervisor at the time that because his workload was going beyond his scheduled shift, well into the evening, he needed to arrange for another babysitter to pick up his child and he had to provide directions to the person who was going to pick up his child. Plaintiff normally picked up the child himself, but because of the need to work additional hours, he would be unable to pick the child up himself.

January 29, 2004--Plaintiff was written up for leaving on coffee break before cleaning his assigned area. Plaintiff disputes that he did this, however. He claims that he was assigned to cover three stations that day and had never left the area. While the manager claims to have attempted to call him during this time, and he did not respond, Plaintiff maintains that it was actually much later that the call was actually received.

May 26, 2004--Plaintiff was working the AM coffee break and started his tour at 5:30 AM. He had been using a cart throughout the morning to transport items to and from the banquet room. He personally dressed the cart up that morning with special linens to be used for the purpose. Because Defendant does not have enough carts for all employees who need same, there had been a problem with other employees coming into

this area to obtain carts.  On May 26, 2004, while was occupied with other chores, a Hispanic female (Wanda Paz) from the steward department came into the area and took the cart that plaintiff was using.  Another employee (Alvin) attempted to stop her, but she insisted that she needed the cart and left with it.  Alvin notified Plaintiff that Ms. Paz had taken his cart and Plaintiff proceeded to look for her because he needed the cart to perform his duties.

Plaintiff went to the level of the Center where Ms. Paz works and observed her trying to remove the lines that he had used to dress up the cart for coffee break use. Plaintiff questioned her about why she took his cart and that he needed it to perform his duties on the coffee break detail.  Ms. Paz responded she could not find an available cart in her department.  Plaintiff attempted to locate a supervisor to resolve the dispute, but could not locate one on the floor and he needed to return to complete his coffee break duties.  Plaintiff insisted that he would be late in performing his duties if he did not return with the cart immediately and he began waling away form the cart.  Ms. Paz put her hand on the cart as if to prevent him from taking it.  However, plaintiff simply lifted her hand off the cart and proceeded to complete his duties as before.

**ANSWER:**

TCMA admits that Plaintiff received pay increases in conjunction with TCMA's performance appraisal process.  TCMA admits that it did not issue any discipline to Plaintiff until February 2002.  TCMA admits that it issued Plaintiff four discipline forms from February 2002 through May 28, 2004, when Plaintiff's employment with TCMA was terminated.  TCMA denies the remaining allegations contained in the first paragraph of Paragraph 9 of the Complaint.

TCMA admits that Plaintiff was issued an Employee Discipline Form on February 13, 2002 and was suspended from February 13, 2002 until February 19, 2002. TCMA denies the remaining allegations contained in the second paragraph of Paragraph 9 of the Complaint.

TCMA admits that Plaintiff was issued an Employee Discipline Form on December 13, 2004 for, among other things, talking on his cell phone while he was supposed to be working. TCMA is without sufficient information and/or knowledge to form a belief as to the truth of, and thus denies, the allegations contained in the third sentence of the third paragraph of Paragraph 9 of the Complaint. TCMA denies the remaining allegations contained in the third paragraph of Paragraph 9 of the Complaint.

TCMA admits that Plaintiff was scheduled for coffee break and had three areas of responsibility and that he was issued an Employee Discipline Form on January 19, 2004 for, among other things, failing to maintain and be present at his assigned areas. TCMA denies the remaining allegations contained in the fourth paragraph of Paragraph 9 of the Complaint.

TCMA admits the allegations contained in the first, second, and third sentences. TCMA denies the allegations contained in the fourth sentence. TCMA is without sufficient information and/or knowledge to form a belief as to the truth of, and therefore denies, the remaining allegations contained in the fifth paragraph of Paragraph 9 of the Complaint.

TCMA denies that Plaintiff simply lifted Ms. Paz's hand off the cart. TCMA is without sufficient information and/or knowledge to form a belief as to the truth of, and

therefore denies, the remaining allegations contained in the sixth paragraph of Paragraph

9 of the Complaint.

      10.    Plaintiff was fired for this last incident.  Defendant claimed that Plaintiff

used undue force in removing Ms. Paz' hand from the cart.  However, Plaintiff maintains

that this was a pretext for discrimination.  Plaintiff insists he simply removed her hand

from the cart in order to complete his duties with the cart that he had personally dressed

that morning.

**ANSWER:**

      TCMA admits that Plaintiff was terminated as a result of his misconduct on May

26, 2004.  TCMA denies the remaining allegations contained in Paragraph 10 of the

Complaint.

      11.    Plaintiff submits that the reasons that Defendant gave for firing him are

pretextual.  He provided management with the names of witnesses to the fact that Ms.

Paz entered his work area to take a cart that he had personally dressed for use in his

coffee break duties and that had been advised by Alvin that Plaintiff was using that cart

for his duties.  Employees in Ms. Paz's area were aware that they were not supposed to

take carts from banquet servers while they were active use.  Despite the fact that Ms. Paz

was the only one who violated standing instructions on this, she was not disciplined at all.

**ANSWER:**

      TCMA denies the allegations contained in the first two sentences.  TCMA is

without sufficient information and/or knowledge to form a belief as to the truth of, and

thus denies, the allegations contained in the third sentence of Paragraph 11 of the

Complaint.  TCMA denies the remaining allegations contained in Paragraph 11 of the Complaint.

      12.    Following his termination, Defendant replaced the plaintiff with a substantially younger employee who was not in Plaintiff's protected classes.

      **ANSWER:**

      TCMA denies the allegations contained in Paragraph 12 of the Complaint.

      13.    Plaintiff suffered terribly from his termination.   He initially had difficulty finding another job.  Defendant fought Plaintiff on his unemployment and his payments were delayed while he had to appeal from the initial adverse ruling.   Plaintiff lost sleep and was anxious about whether he could financially provide for his family.

      **ANSWER:**

      TCMA admits that it challenged Plaintiff's claim for unemployment benefits and that Plaintiff appealed the initial adverse ruling.  TCMA is without sufficient information and/or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, denies them.

## CLAIMS

      14.    Plaintiff maintains that he was fired for discriminatory reasons relating to his race (African), color (Black), national origin (Nigeria) and sex (male).  Plaintiff maintains that despite the numerous witnesses who saw what happened, management chose to believe Ms. Paz's explanation for what happened over his own explanation. Plaintiff also submits that Ms. Paz has a history of trying to inflate disagreements with coworkers into injuries.  Finally, plaintiff submits that he was treated much more harshly than other employees who actually had fights in the workplace but who were not

seriously disciplined.  These employees were not members of the protected classes that Plaintiff is a member of.

**ANSWER:**

TCMA admits that its conclusion regarding the incident on May 26, 2004 was based on the accounts of Ms. Paz and the numerous witnesses who reported what happened.  TCMA denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Plaintiff was 52 years old at the time he was terminated.  He was replaced by a substantially younger employee.  Plaintiff submits that he is substantially older than Ms. Paz, who is in her 30s in age.  Plaintiff submits that he was treated much more harshly than Ms. Paz and was terminated because of Defendant's age animus.  Defendant gave pretextual reasons for firing him so that they could replace him with a substantially younger employee who would be paid less.

Plaintiff also submits that Defendant was willfully motivated in committing age discrimination, or at least acted with such reckless disregard of his protected age as to be deeded to have acted willfully.

**ANSWER:**

TCMA admits that Plaintiff provided information to TCMA which indicates that Plaintiff was 52 years old at the time he was terminated.  TCMA neither admits nor denies the allegations contained in the second and third sentences of Paragraph 15 of the Complaint because they constitute conclusions of law or mixed conclusions of law and fact to which no responsive pleading is required.  TCMA denies the remaining allegations contained in Paragraph 15 of the Complaint.

## REQUEST FOR RELIEF

**ANSWER:**

TCMA states that no response is required. To the extent an answer is required, TCMA denies that Plaintiff is entitled to any of the relief requested.

## REQUEST FOR JURY TRIAL

**ANSWER:**

TCMA admits that Plaintiff seeks a trial by jury, but denies that he is entitled to a jury trial on all of the items of relief sought.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim against TCMA upon which relief can be granted

### Second Defense

Plaintiff's claims are barred to the extent they are untimely and/or barred by the applicable statute of limitations.

### Third Defense

All actions taken by TCMA and its agents toward Plaintiff were based upon good cause and were undertaken for legitimate, nondiscriminatory reasons.

### Fourth Defense

TCMA acted in good faith and had reasonable grounds to believe that its conduct was not a violation of the law.

**Fifth Defense**

TCMA did not authorize, condone, ratify, or tolerate discrimination or any other unlawful act against Plaintiff. Any conduct in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), or any other applicable law, by any of TCMA's employees, officers, or agents, occurred outside the scope of employment and without the consent of TCMA and cannot be attributed to TCMA through principles of agency, respondeat superior, alter ego, or otherwise.

**Sixth Defense**

To the extent that Plaintiff seeks punitive damages for alleged age discrimination, such claims are barred because Plaintiff is not entitled to punitive damages under the ADEA.

**Seventh Defense**

Plaintiff is not entitled to punitive damages because the alleged acts or omissions of TCMA fail to rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages.

**Eighth Defense**

TCMA may not be held vicariously liable for any punitive damages resulting from any alleged discriminatory employment decisions of TCMA's agents because any such acts were contrary to TCMA's good faith efforts to comply with applicable laws.

**Ninth Defense**

Plaintiff's own conduct, omissions, and/or negligence bar his recovery.

## Tenth Defense

All or a portion of Plaintiff's claims are barred for failure to exhaust administrative remedies and/or to the extent that the Complaint exceeds the scope of Plaintiff's Equal Employment Opportunity Commission (EEOC) charge.

## Eleventh Defense

Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages, if any damages were incurred.

## Twelfth Defense

TCMA specifically reserves the right to amend this Answer to Plaintiff's Complaint by additional affirmative defenses or counterclaims as investigation, discovery, and circumstances may warrant.

Respectfully submitted,

**JACKSON LEWIS LLP**


By: _____/s/_____
    Michael N. Petkovich
    (DC Bar No. 456010)
    8614 Westwood Center Drive
    Suite 950
    Vienna, VA 22182
    (703) 821-2189
    **Counsel for Defendant**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 21, 2005, a copy of Defendant Trade Center Management Associates' Answer was served upon the following via facsimile and first-class mail, postage pre-paid:


Jonathan L. Gould
717 D Street, NW
Suite 100
Washington, DC 20004

James L. Kestell
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046


_____/s/_____
Michael N. Petkovich