UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EKANEM H. UDOH
11307 Maiden Drive
Bowie, MD 20720

    Plaintiff,

    v.          Civil Action No. 1:05CV01642(PLF)

TRADE CENTER MANAGEMENT
ASSOCIATES
Ronald Reagan Building
1300 Pennsylvania Avenue, NW
Washington, DC 20004

    Defendant.

RULE 16.3(c) STATEMENT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LcvR 16.3(c), the parties state as follows.

The plaintiff brings this action against the defendant, his employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., as amended. The plaintiff alleges that defendant discriminated against him because of his race (African), color (Black), age (52 years old), sex (male) and national origin (Nigeria, Africa) when defendant summarily terminated him from his position as banquet server on May 28, 2004. Defendant denies all allegations in the complaint.

The parties conferred on October 28, 2005 and reached agreement on all the matters listed below.

1. Based on the facts presently known, Defendant expects it will filing a dispositive motion following the conclusion of discovery.  The plaintiff does not believe that this case can be disposed of by motion.

2.  The parties recommend that any motion to join additional parties or to amend the pleadings not be filed later than 45 days prior to the close of discovery.  The parties agree to revisit potential ways to limit the factual and/or legal issues in this case after discovery is completed.

3.  The parties are unable to reach agreement regarding the assignment of a magistrate judge in this matter.   The plaintiff is not opposed to the assignment of a magistrate judge.  Defendant is opposed to the assignment of a magistrate judge.

4.  The parties agree that there is no realistic possibility of settling the case at this time. The parties agree to revisit the possibility of settlement after both sides have the opportunity to conduct some discovery.  The parties will inform the Court in the event settlement becomes a realistic possibility for resolution of this matter.

5.  The parties agree the case will not benefit from the Court's ADR procedures at this time, but agree to revisit the possibility of mediation after the parties have conducted some discovery, including plaintiff's deposition.  The parties agree that delaying the mediation until after some discovery has been taken will provide the parties with a better opportunity to evaluate the strength of their respective positions and result in a more productive mediation.

Defendant does not believe a neutral case evaluation will be helpful in resolving this matter. Defendant believes cost savings will result from a stay of discovery and/or stay of the deadlines set forth in the scheduling order during the mediation process.

6. The plaintiff does not believe that this case can be disposed of by motion for summary judgment. Based on the facts presently known, Defendant does not know whether this matter can be resolved by motion. The parties recommend any potentially dispositive motion be filed within 45 days following the close of discovery, or by May 1, 2006. The parties recommend any opposition to any dispositive motion be filed within 21 days after service of the dispositive motion. The parties recommend reply briefs be filed within eleven 11 days after service of the opposition.

7. The plaintiff proposes that initial disclosures pursuant to Rule 26(a)(1) of the F.R.Civ.P. be dispensed with.

8. The parties recommend a discovery deadline of 120 days following the date of the status conference, or March 16, 2006, with the presumptive limits of the local rules imposed upon the number of depositions and interrogatories. Defendant recommends the discovery deadline be extended if a stay of discovery is entered due to mediation for a period commensurate with the duration of such stay.

11. The parties recommend the plaintiff's Rule 26(a)(2) report be served 60 days before the close of discovery with Defendant's report to be served 30 days thereafter. No experts are anticipated.

12. There are no class issues involved in this case.

13. The parties recommend neither discovery nor trial be bifurcated.

14. The plaintiff proposes that a final pre-trial date be set for 120 days after the close of discovery, or July 14, 2006.  Defendant recommends the pre-trial conference be held no earlier than 60 days following the resolution of any dispositive motion or, if no dispositive motion is filed, no earlier than 120 days after the close of discovery.

15. The plaintiff proposes that a firm trial date be set at the first scheduling conference. Defendant recommends the Court set a trial date at the pretrial conference.

The parties have enclosed a proposed Order consistent with the above agreements.


Respectfully submitted,


By: /s/ James L. Kestell  
James L. Kestell  
DC Bar #955310  
Michael P. Deeds  
DC Bar #466815  

KESTELL & ASSOCIATES  
1012 14th Street,  
NW, Ste 630,  
Washington, DC 20005  
(202) 347-0990  

COUNSEL FOR PLAINTIFF

By: /s/ Michael N. Petkovich  
Michael N. Petkovich  
DC Bar # 456010  
Kara M. Ariail  
DC Bar # 478718  

JACKSON LEWIS, LLP  
8614 Westwood Center Drive  
Suite 950  
Vienna, VA 22182  
(703) 821-2189  

COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

EKANEM H. UDOH
11307 Maiden Drive
Bowie, MD 20720

    Plaintiff,

v.                                    Civil Action No. 1:05CV01642(PLF)

TRADE CENTER MANAGEMENT
ASSOCIATES
Ronald Reagan Building
1300 Pennsylvania Avenue, NW
Washington, DC 20004

    Defendant.

---

PROPOSED SCHEDULING ORDER

UPON CONSIDERATION OF the parties' Local Civ. R. 16.3(c) statement, this Court hereby orders:

1. Discovery in this case shall close _____.

2. Any motion to join additional parties or to amend the pleadings not be filed later than _____.

3. Plaintiff's 26(a)(2) report will be due on _____. Defendant's 26(a)(2) report will be due _____.

4. Dispositive motions must be filed by _____. Oppositions are due _____ and reply briefs are due _____.

5. The pre-trial conference will be held on _____.

SO ORDERED THIS _____ day of _____, 2005.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

cc: James L. Kestell
KESTELL & ASSOCIATES
1012 14th Street,
NW, Ste 630,
Washington, DC 20005

Michael N. Petkovich
Kara M. Ariail
JACKSON LEWIS, LLP
8615 Westwood Center Drive, Suite 950
Vienna, Virginia 22182