UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EKANEM H. UDOH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 1:05CV01642 (PLF) |
| ) | |
| TRADE CENTER MANAGEMENT ) | |
| ASSOCIATES ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federals Rules of Civil Procedure, Plaintiff Udoh and Defendant Trade Center Management Associates ("TCMA"), through their respective counsel, agree that the following Protective Order be entered.

1. This Order governs the disclosure and use of information concerning TCMA's current and former employees, other than Plaintiff, relating to compensation history, social security numbers, identifying financial information such as bank or credit card accounts, medical and health history, health insurance and other benefits, and disciplinary employment history (hereinafter "Confidential Information").

2. The parties, by their respective counsel, may designate documents, interrogatory answers, and testimony that they regard to be Confidential Information, by marking them "Confidential" on their face or cover, by so designating them in writing to opposing counsel within a reasonable time during or after production, or by so designating them orally at deposition on the record. Such documents and testimony shall be treated as protected under this Order.

3. If a party disagrees with the opposing party's designation of any documents or testimony as Confidential Information, the disagreeing party may challenge such designation in writing to the party, and if the parties are unable to agree, may then file a motion with this Court challenging this determination. This paragraph shall in no way alter the burden on the party claiming protection to prove its entitlement to the claimed protection on documents.

4. No party shall designate any material as protected absent a good faith belief that the material is within the intended scope of this Order.

5. Confidential Information shall be used solely for purposes of this lawsuit and for no other purpose. Confidential Information, including all copies, shall be returned to counsel for the party providing it within 30 days after this lawsuit has finally terminated, including any time for appeal, along with a statement by counsel that all such information has been returned and all copies or extracts containing such information have been destroyed.

6. Confidential Information shall only be disclosed to the parties; their counsel; staff under counsel's supervision; experts or consultants who agree to be bound by this Order; court reporters who agree to be bound by this Order and to the Court. Confidential Information may also be introduced as evidence subject to the procedures below for submission to the Court. Counsel intending to offer Confidential Information to the Court as evidence or otherwise shall ensure that, before disclosing Confidential Information to any person other than the Court, court personnel, and jury members, such person is first provided with a copy of this Order and agrees to be bound by it. Confidential Information offered to the Court shall be submitted in a sealed envelope

with the outside marked with the caption of the case, a schedule of the contents of the envelope, and the notation "Confidential - Submitted Under Seal - Subject to Protective Order."

7. Inadvertent disclosure of Confidential Information during discovery, without then designating it as such, shall be without prejudice to any claim that the material is Confidential Information, and no party shall be held to have waived any rights to future treatment of such material as Confidential Information by such inadvertent disclosure unless the Court determines otherwise. Any document or information so produced and subject to a subsequent claim that it is Confidential Information shall, after notice of the claim that it is Confidential Information, be treated as such, subject to the procedures in paragraph 3 of this Order for challenging the claim that the material is Confidential Information.

8. Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason other than that it is Confidential Information or from seeking further or different relief should future pretrial activities indicate such need.

Agreed to this 13th day of January, 2006.

**Ekanem H. Udoh**

By: ___/s/_____
James L. Kestell (D.C. Bar No. 955310)
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046
*Counsel for Plaintiff*

and

**Trade Center Management Associates**

By: _____/s/_____
John M. Remy (D.C. Bar No. 461244)
Michael N. Petkovich (D.C. Bar No. 49016)
Kara M. Ariail (D.C. Bar No. 478718)
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
*Counsel for Defendant*


**ENTERED this _____ day of January, 2006.**


_____
Judge, U.S. District Court