## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EKANEM H. UDOH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05CV01642 (PLF)** |
| | ) | |
| **TRADE CENTER MANAGEMENT** | ) | |
| **ASSOCIATES** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant Trade Center Management Associates ("TCMA"), by its attorneys, submits this reply brief in support of its motion for summary judgment on all counts in plaintiff's complaint.

## I.    SUMMARY

TCMA's motion for summary judgment showed Udoh was unable to establish a prima facie case of discrimination or any evidence of pretext.  In response, plaintiff's counsel makes four arguments.

Contrary to these arguments, (1) Udoh cannot establish a prima facie case because he admittedly attacked a co-worker in violation of TCMA's strictly enforced rule against physical confrontations; (2) the two individuals identified by plaintiff's counsel to argue disparate treatment are not similarly situated to Udoh because neither engaged in a physical confrontation; (3) Udoh cannot justify his physical attack by claiming he was provoked; and (4) asking Udoh if he would have attacked his male friend as he did Wanda Paz does not constitute sex discrimination.

Accordingly, TCMA is entitled to summary judgment on all counts.

## II.    ARGUMENT

### A.    Udoh Cannot Establish a Prima Facie Case Because He Was Not Meeting TCMA's Legitimate Expectations

TCMA showed that Udoh cannot establish a prima facie case because he admittedly violated TCMA's rule prohibiting physical confrontations and failed to satisfy TCMA's legitimate job expectations. Plaintiff's counsel does not dispute that Udoh failed to meet TCMA's legitimate expectations. Instead, plaintiff's counsel argues that Udoh can establish a prima facie case by showing only that he was qualified for the job.

Plaintiff's counsel cites only one case purportedly in support of this argument – *Reeves v. Sanderson Plumbing*, 530 U.S. 133 (2000). Counsel's reliance on *Reeves* is misplaced because the Court never analyzed the requirements of a prima facie case and, more importantly, did not hold that plaintiffs in discharge cases need show only that they were qualified for the position. In fact, neither party in *Reeves* disputed the plaintiff's prima facie case. *Id.* at 142.

The D.C. Circuit Court of Appeals recently confirmed that meeting legitimate expectations is an important component of a prima facie case in the discharge context:

> We have made clear that a plaintiff makes out a prima facie case of disparate-treatment discrimination by establishing that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. A plaintiff may satisfy the third prong of this test by demonstrating that she was treated differently from similarly situated employees who are not part of the protected class or, in the specific context of a discharge claim, showing that she was not terminated for the two . . . common legitimate reasons for discharge: performance below the employer's legitimate expectations or the elimination of the plaintiff's position altogether.

*Mastro v. Potomac Elec. Power Co.*, 447 F. 3d 843, 850 (D.C. Cir. 2006) (internal citations and quotations omitted).[1]

The *Mastro* decision makes clear that simply being qualified for the position is not sufficient to establish a prima facie case of discharge discrimination. Instead, a plaintiff must show either that he was terminated for a reason other than failing to meet legitimate job expectations or that he was treated differently from similarly situated employees. Here, all of the record evidence shows Udoh was terminated for failing to meet TCMA's legitimate expectations when he admittedly violated TCMA's rule against physical confrontations. And, as explained below, Udoh cannot identify any similarly situated employees who were treated differently.

Under *Mastro*, Udoh cannot establish a prima facie case, and TCMA is entitled to summary judgment on all counts.

**B.    Udoh Cannot Identify any Similarly Situated Employees**

TCMA's motion for summary judgment showed Udoh cannot establish a prima facie case or pretext because Udoh could not identify any similarly situated employees who were treated differently. Plaintiff's counsel claims to have identified two similarly situated employees: Wanda Paz (Udoh's victim) and David Okon.

For a co-worker to be "similarly situated", the co-worker's rule violation must be "nearly identical" to the plaintiff's. *Plummer v. Safeway, Inc.*, 1995 U.S. Dist. Lexis 3428 *10, No. 93-0316 (PLF) (D.D.C. March 17, 1995). In *Childs-Pierce v. Utility Workers Union of Amer.*, 383 F. Supp. 2d 60 (D.D.C. 2005), the D.C. federal court explained the requirements for "similarly situated":

---

[1] The *Mastro* case was decided in late May 2006 and apparently was not available when defense counsel completed the legal research to support TCMA's motion for summary judgment.

In order to show that she was similarly situated to a fellow employee, plaintiff must demonstrate that all of the relevant aspects of their employment situation are nearly identical. In particular, the co-workers must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it.

*Id.* at 70 (citations and quotations omitted).

### 1. Paz is not Similarly Situated to Udoh

Plaintiff's counsel claims Paz violated TCMA's no-tolerance rule against physical confrontations because she purportedly provoked Udoh by using his cart. Plaintiff's counsel does not claim that Paz used physical violence against Udoh or threatened him. The undisputed record facts confirm Paz never used physical violence or threats against Udoh.

Paz using Udoh's cart is not "nearly identical" to Udoh's physical assault. Since there is no evidence that Paz ever violated TCMA's rule against physical confrontation, Paz is not similarly situated to Udoh.

### 2. Okon is not Similarly Situated to Udoh

Plaintiff's counsel also claims that David Okon is similarly situated to Udoh because Okon had a disagreement with Paz concerning a cart. However, it is undisputed that Okon and Paz both admit that Okon never touched Paz. (Supp. Facts ¶ 31.)[2] It is also undisputed that Paz never complained to TCMA that Okon assaulted or threatened her or that Okon violated any TCMA policy. (Supp. Facts ¶ 32.) Instead, Paz and Okon both testified that Paz accidentally slipped and then reported a workplace injury. (Supp.

---

[2] This citation is to Defendant's Supplemental Statement of Material Undisputed Facts, filed contemporaneously with this brief.

Facts ¶ 32). Paz never told TCMA that Okon was responsible for her accident. (Supp. Facts ¶ 32). TCMA could not take any adverse action against Okon when Paz and Okon both consistently stated that Okon never violated any TCMA policy and there is no evidence that Okon ever engaged in a physical confrontation.

There is no record evidence that Okon ever violated TCMA's rule against physical confrontations. Accordingly, Udoh and Okon are not "similarly situated."[3]

In sum, Udoh has failed to identify any similarly situated employees whom TCMA treated differently.[4] Accordingly, TCMA is entitled to summary judgment because Udoh cannot establish a prima facie case and cannot establish pretext.[5]

### C.    Udoh was Not Justified in Assaulting Paz

Plaintiff's counsel argues that Udoh was provoked by Paz into violating TCMA's no-tolerance rule. Plaintiff's counsel appears to argue that Udoh was justified in assaulting Paz and that TCMA's basis for termination is therefore pretext. However, a routine workplace disagreement does not justify a physical assault. The purpose of

---

[3] Okon was not even employed by TCMA at the time of this incident. (Supp. Facts ¶ 29). Instead, Okon worked for ServUS. (Supp. Facts ¶ 29). ServUS is a separate company from TCMA, and TCMA supervisors had no authority to investigate or discipline ServUS employees. (Supp. Facts ¶ 30). Udoh and Okon were not co-workers, did not report to the same supervisor, and were not subject to the same work standards. For this reason too, Udoh and Okon are not similarly situated.

[4] Okon's declaration (and Udoh's brief) also makes a vague reference to an alleged incident involving two female employees. Okon testified that he has no personal knowledge of this alleged incident and his testimony is hearsay. (Supp. Facts ¶ 35). Hearsay testimony cannot be used to create an issue of fact to oppose summary judgment, and Okon's testimony on this issue should be disregarded. *See Gleklen v. Democratic Congressional Campaign Comm., Inc.*, 199 F. 3d 1365, 1369 (D.C. Cir. 2000) ("Gleklen's evidence about the conversation is sheer hearsay. . .  It therefore counts for nothing [at summary judgment stage]."); *Matta v. Snow*, 2005 U.S. Dist. Lexis, 02-862 (CKK) (D.D.C. Dec. 16, 2005) ("Mr. Malloy's testimony is therefore inadmissible hearsay and speculation, and is insufficient to create a genuine issue of material fact.").

[5] Okon is the same race (black), national origin (Nigerian) and sex as Udoh. (Supp. Facts ¶ 34). If Okon were similarly situated to Udoh, the fact that he was not terminated is evidence that TCMA did not discriminate against Udoh on the basis of race, national origin, and sex.

TCMA's no-tolerance rule against physical confrontations is to have employees resolve their disputes without resorting to physical violence.

The cases cited by plaintiff's counsel do not support the argument that provocation justifies physical violence at work. In both *Jackson v. RKO Bottlers of Toledo, Inc.* and *Nichols v. Acme Markets, Inc.*, the courts denied summary judgment only because the plaintiffs identified co-workers who violated the same rules and were treated differently.[6] Here, Udoh has produced no such evidence.

*Nichols* confirms that Udoh was not justified in attacking Paz. In *Nichols*, the plaintiff hit a customer after the customer slapped her in the face and made a racist remark. 712 F. Supp. at 489-90. Nevertheless, the court noted that "When Nichols struck a customer she obviously provided the company with adequate justification for firing her." *Id.* at 492.

Opposing counsel's reliance on *Nichols* and *Jackson* is misplaced. If anything, these cases confirm that summary judgment is appropriate here.

**D.    Shapiro's Question Concerning a Male
Friend of Udoh's is not Evidence of Pretext**

During the investigation into Paz's complaint, Shapiro asked Udoh if Udoh would have behaved the same way if an employee named Lavelle was using the cart instead of Paz. (Supp. Facts ¶ 37). Plaintiff's counsel argues that this "suggests female employees are subjected to more favorable terms merely because of their gender."

It is undisputed that TCMA has terminated all employees, men and women, who have violated its no-tolerance rule. It is also undisputed that the victim in each violation

---

[6] *See Nichols,* 712 F. Supp. 488, 491-92 (E.D. Pa. 1989); *Jackson,* 743 F. 2d 370, 377 (6th Cir. 1984). *Jackson* also has nothing to do with a provocation defense because the plaintiff in *Jackson* was not provoked. *See* 743 F. 2d at 377. ("Plaintiff . . . approached him and again asked him for the bet money. . . . plaintiff grabbed Haas' clothing and pinned him against Haas' car and then released him.").

(other than Udoh's) was male. (Supp. Facts ¶ 38). These facts dispel plaintiff's counsel's "suggestion" that women are treated more favorably.

Udoh and Lavelle were friends. There are many legitimate reasons for Shapiro to ask Udoh if he would have physically assaulted a friend, or a male employee who Udoh could not as easily overpower, as he did Paz. (Supp. Facts ¶ 37).

There is no evidence that TCMA administers its no-tolerance rule differently based on sex, and Shapiro's question is not evidence pretext of sex discrimination.

## III.    CONCLUSION

It is undisputed (1) TCMA has a no-tolerance rule against physical confrontations; (2) Udoh physically wrenched Paz's arm from a cart; (3) all witnesses reported that Udoh forcefully grabbed and twisted Paz's arm; (4) Paz missed work and wore a splint for two months; and (5) TCMA has terminated every employee who has violated its no-tolerance rule. Even Udoh admitted that his termination was justified in light of the witness statements:

> Q.   Okay. If the witnesses told Linda and Don
> that you raised your voice and that you forcefully
> removed Wanda's arm from the cart, okay, and they
> believed those other witnesses, do you think they were
> justified in terminating you?
>
> A.   I believe so.

For these reasons and the reasons discussed in TCMA's memorandum in support of its motion for summary judgment, TCMA asks the Court to grant its motion for summary judgment, enter judgment in TCMA's favor on all counts, and dismiss this case with prejudice.

Respectfully submitted,

**Trade Center Management Associates**

By: _____ /s/ _____
John M. Remy (D.C. Bar No. 461244)
Michael N. Petkovich (D.C. Bar No. 49016)
Kara M. Ariail (D.C. Bar No. 478718)
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
*Counsel for Defendant*