**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EKANEM H. UDOH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05CV01642 (PLF)** |
| | ) | |
| **TRADE CENTER MANAGEMENT ASSOCIATES** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Trade Center Management Associates ("TCMA"), by its attorneys, submits this supplemental statement of material undisputed facts in support of its motion for summary judgment pursuant to Local Civil Rule 7(h).

**A. David Okon Never Violated TCMA's Rule Against Physical Confrontations**

29. TCMA employed David Okon from 1998 until 2001. (Okon decl. ¶ 1; Okon Tr. at 8-9, 48).[1] In 2001, Okon resigned from TCMA to work for ServUS. (Okon Tr. at 9-10). Okon reported to a ServUS supervisor. (Okon Tr. at 9).

30. ServUS is also a contractor at the Ronald Reagan Building. (Okon Tr. at 9-10; Second Shapiro decl. ¶ 4). ServUS is a separate company from TCMA, with different ownership and supervisors. (Okon Tr. at 9-10; Second Shapiro decl. ¶ 4).

---

[1] The paragraph numbering in this supplemental statement of undisputed facts begins where TCMA's initial statement of undisputed facts left off. Excerpts from David Okon's deposition transcript are attachment A hereto. Don Shapiro's Second Declaration is attachment B. David Okon's declaration is Exhibit 2 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Wanda Paz's declaration is attachment D to Defendant's Initial Statement of Material Undisputed Facts.

TCMA supervisors, including Don Shapiro, do not have the authority to investigate or discipline any ServUS employees. (Second Shapiro decl. ¶ 4).

31. In August 2002, David Okon and Wanda Paz had a disagreement about the use of a banquet cart. (Okon Tr. at 23, 40, exh. 2; Paz decl. ¶ 7). Okon never touched Paz during this disagreement. (Okon Tr. at 28; Paz decl. ¶ 7). At one point, however, Paz accidentally slipped and hurt her knee. (Okon Tr. at 24-25; Paz decl. ¶ 7).

32. Paz reported the injury to TCMA, as TCMA policy required. (Paz decl. ¶ 7; Second Shapiro decl. ¶ 2). Paz did not complain to TCMA that Okon hurt her or that Okon was responsible for her injury in any way. (Paz decl. ¶ 8; Second Shapiro decl. ¶ 2). Okon admitted that he does not know what Paz told TCMA about her injury. (Okon Tr. at 27-28).

33. Since Paz and Okon both stated that Okon never touched Paz or even caused her to slip, TCMA viewed the incident simply as a workplace accident. (Paz decl. ¶ 8; Second Shapiro decl. ¶ 2).

34. Okon is a black male of Nigerian descent. (Okon Tr. at 45-46).

35. Okon's declaration mentions an alleged incident between two female TCMA employees. (Okon decl. at 1). Okon admitted that he has no personal knowledge of this incident. (Okon Tr. at 68-69).

**B. Shapiro Questioned Udoh During his Investigation**

36. On May 26, 2004, Shapiro and Sickel met with Udoh to investigate Paz's claim that Udoh used physical force against her to take a banquet cart. (Second Shapiro decl. ¶ 5). Shapiro became concerned after Udoh admitted using physical force to break Paz's grip on the cart. (Second Shapiro decl. ¶ 5). Shapiro also felt that Udoh did not

appreciate that resorting to physical violence to resolve a minor workplace issue was wrong. (Second Shapiro decl. ¶ 6).

37. Shapiro knew Udoh was friends with TCMA employee Lavelle Burley. (Second Shapiro decl. ¶ 6). Shapiro asked Udoh if he would have acted the same way and used physical force if Lavelle, and not Paz, had been the one using the cart. (Second Shapiro decl. ¶ 6). Shapiro asked this question to impress upon Udoh that, if Udoh would not used physical force against his friend, he should not have used physical force against Paz. (Second Shapiro decl. ¶ 6). This is the only reason Shapiro asked this question. (Second Shapiro decl. ¶ 7).

38. Of the four employees TCMA terminated for violating its no-tolerance rule against physical threats/confrontations (other than Udoh), one was a woman. (Second Shapiro decl. ¶ 7). In all four of these instances, the victim of the threat or confrontation was a male. (Second Shapiro decl. ¶ 7).

Respectfully submitted,

**Trade Center Management Associates**

By: ________/s/________________

John M. Remy (D.C. Bar No. 461244)
Michael N. Petkovich (D.C. Bar No. 49016)
Kara M. Ariail (D.C. Bar No. 478718)
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
*Counsel for Defendant*