## SECOND DECLARATION OF DONALD SHAPIRO

1. My name is Donald Shapiro. I am over 18 years of age and have personal knowledge of the facts contained in this declaration. This is the second declaration I have submitted in this case. I am still employed by Trade Center Management Associates ("TCMA") as the Vice President of Food and Beverage at the Ronald Reagan Building.

2. In August 2002, I learned that a TCMA employee, Wanda Paz, sustained a workplace injury when she slipped onto her knee. Ms. Paz reported the injury, as she was required to do under TCMA policy. I understood that Ms. Paz slipped during a discussion with David Okon over the use of a banquet cart. However, Ms. Paz did not file any complaint over the injury and never reported that Mr. Okon or anyone else was responsible for her slipping. Ms. Paz never reported that Mr. Okon touched or threatened her in any way. Ms. Paz reported only that she slipped and hurt her knee. TCMA treated the incident only as a workplace injury.

3. I am familiar with Mr. Okon because he is a former TCMA employee. In 2001, Mr. Okon left TCMA to work for ServUS. In August 2002, Mr. Okon worked for ServUS and was not a TCMA employee.

4. Like TCMA, ServUS is a contractor at the Reagan Building. ServUS has no corporate relationship with TCMA – they are separate and distinct companies. TCMA and ServUS have different owners and supervisors. Although ServUS and TCMA employees interact when they are at the Reagan Building, TCMA supervisors have no authority over ServUS employees and have no ability to investigate or discipline ServUS employees. Likewise, ServUS supervisors have no ability to investigate, discipline, or

supervise TCMA employees. TCMA and ServUS are simply separate companies whose employees interact at the Reagan Building.

5. On May 26, 2004, Linda Regner Sickel and I interviewed Mr. Udoh in response to the complaint filed by Wanda Paz against him. As explained in my previous declaration, during that meeting Mr. Udoh admitted using physical force to break Ms. Paz's grip on a banquet cart. This behavior violates TCMA's no-tolerance rule against physical threats and confrontations and was of great concern to me.

6. I was also concerned during the meeting that Mr. Udoh did not seem to appreciate that resorting to the use of physical force to resolve a minor workplace issue was wrong. I knew Mr. Udoh was friends with TCMA employee Lavelle Burley. Therefore, I asked Mr. Udoh if he would have grabbed Lavelle the way he grabbed Ms. Paz. The point of this question was to try to impress upon Mr. Udoh that he would not have used physical force against his friend and he should not have used it against Ms. Paz either.

7. This question had nothing to do with Ms. Paz's or Mr. Udoh's gender, or any other protected characteristic. If Mr. Udoh had used physical force against a male co-worker, TCMA's response would have been the same. In fact, we have terminated one female employee for violating our no-tolerance rule (Desta Menassie). We have also terminated three other men for violating this rule (not including Mr. Udoh), and in each of those cases, the victim of the threats/confrontation was also a man. The documents concerning these terminations are attached to Ms. Sickel's declaration in this case.

I, Donald Shapiro, swear under a penalty of perjury of the laws of the United States that the foregoing 7 numbered paragraphs are true and correct.

Dated: August 2, 2006

_____
Donald Shapiro