UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
EKANEM H. UDOH,                               )
                                              )
              Plaintiff,                      )
                                              )
       v.                                     )     Civil Action No. 05-1642 (PLF)
                                              )
TRADE CENTER MANAGEMENT                       )
ASSOCIATES,                                   )
                                              )
              Defendant.                      )
_____)


<u>ORDER</u>

       On June 16, 2006, defendant Trade Center Management Associates filed a motion

for summary judgment with attached exhibits in this case [Docket No. 16].  Among the exhibits

attached are six exhibits [Docket Nos. 16-8, 16-11, 16-12, 16-13, 16-14 and 16-15] containing

employee social security numbers, dates of birth, and even photocopies of state ID and United

States social security cards.  This information should have been redacted from all of the filings,

in compliance with the E-Government Act of 2002, as amended, Pub.L. No.107-347, 116 Stat.

2899 (codified at 5 U.S.C. §§ 3701-3707 and scattered sections), and as prescribed by Local

Civil Rule 5.4(f), and by this Court's "Notice Regarding Privacy and Public Access to Electronic

Civil Case Files" (available at http://www.dcd.uscourts.gov/civil-privacy.pdf) which both direct

all parties to redact this information from public filings.  If the defendant felt that this

information was necessary to the case, then it should have proposed a protective order permitting

the filing under seal of certain exhibits and redacted versions for the public record.

The Court has *sua sponte* placed the six unredacted exhibits under seal to protect the information contained therein. The Court will require defendant to review and redact the six specific exhibits that the Court has placed under seal and promptly file a redacted version for the public record. The Court notes that while some of the documents contained in these exhibits are relevant evidence to support defendant's motion, others appear to be merely photocopies of documents from various employees' personnel files, and are not in and of themselves necessary or helpful, e.g., a photocopy of one the social security card and state ID card of an employee who is purported to be similarly situated to the plaintiff. It appears that the defendant has photocopied entire employment files in some cases and placed them in the Court record. If a piece of documentary evidence is not necessary to this case, it should not be filed, and if it is, it must be redacted in accordance with the law and the Rules of this Court.

In addition to that information that is required by law to be redacted, this Court's "Notice Regarding Privacy and Public Access to Electronic Civil Case Files" states that parties should exercise caution with respect to other kinds of information, including any personal identifying number, such as a driver's license number, and employment history. The Court therefore will requires the defendant to review *all* exhibits attached to its motion for summary judgment to determine if additional information, particularly employment information related to persons who are not parties to this suit, should be placed under seal.

Accordingly, it is hereby

ORDERED that the defendant shall review and redact those six exhibits attached to its motion for summary judgment currently under seal [Docket Nos. 16-8, 16-11, 16-12, 16-13, 16-14 and 16-15], and file redacted versions on the public record on or before February 20, 2007; and it is

FURTHER ORDERED that the defendant shall review all exhibits submitted in connection with this case to determine if further information should be placed under seal. If the defendant determines that any other exhibits to its motion for summary judgment should be sealed and redacted versions filed on the public record in their place, the defendant shall file a motion to that effect on or before February 20, 2007. If no such redaction is necessary in the view of the defendant, it shall file a notice affirming that counsel has reviewed the exhibits and determined that further redactions are not necessary on or before February 20, 2007.

SO ORDERED.


____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 9, 2007